**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROGELIO BOLUFE IZQUIERDO,

    Petitioner,

v.                                                                            No. 26-cv-1117-SMD-JHR

WARDEN, TORRANCE COUNTY
DETENTION FACILITY,

    Respondent.

**<u>MEMORANDUM OPINION AND ORDER DISMISSING</u>**
**<u>DUPLICATE HABEAS FILING</u>**

This matter is before the Court on Petitioner Rogelio Bolufe Izquierdo's duplicate habeas filing under 28 U.S.C. § 2241 (Doc. 1).   Petitioner is a citizen of Cuba and challenges his immigration custody at the Torrance County Detention Center in New Mexico.   He entered the United States in 2020, was arrested on August 17, 2025 in Florida for drug possession, and was taken into immigration custody on August 18, 2025.   (Doc. 1) at 32-33, 41.   On September 30, 2025, an Immigration Judge held a custody redetermination hearing pursuant to 8 C.F.R. § 1236 and ordered "No Action."   *Id.* at 35-36.   On November 20, 2025, an Immigration Judge denied Petitioner's asylum petition and ordered him removed to Ecuador.   *Id.* at 37-40.   Petitioner appealed this decision to the Board of Immigration Appeals (BIA), and the appeal is pending. *Id.*   On March 17, 2026, an Immigration Judge held a second custody redetermination hearing and denied a change in custody status, stating: "Flight Risk, respondent was ordered removed, case pending before the BIA."   *Id.* at 17-18.   Petitioner reserved his right to appeal the March 17, 2026 custody decision to the BIA.   *See id.* at 18.   In his § 2241 Petition, Petitioner contends

he did not receive proper due process in the March 17, 2026 custody redetermination proceeding, and that the Immigration Judge's decision was based on false information. *Id.* at 1-8.

Petitioner has already filed a 28 U.S.C. § 2241 petition in this Court challenging his immigration custody. *See Rogelio Bolufe Izquierdo v. Ortiz, et al.,* 1:25-cv-1304-JB-SCY. On February 4, 2026, the Magistrate Judge assigned to that case entered a Proposed Findings and Recommended Disposition (PFRD), in which he recommends denying Petitioner's § 2241 habeas petition. (Doc. 12, filed in Case No. 1:25-cv-1304). Petitioner has filed objections to the PFRD as well as multiple notices, and the matter is pending before the presiding judge. *See* (Docs. 13, 14, 15, 16, and 17, filed in Case No 1:25-cv-1304).

Petitioner cannot prosecute two concurrent § 2241 proceedings at the same time. *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a [litigant] to assert all of [his] causes of action arising from a common set of facts in one lawsuit"); *Ogden v. Stephenson*, 2023 WL 5805597, at *2 (D.N.M. Sept. 7, 2023) (a petitioner is not permitted to "prosecute two concurrent § 2241 petitions at the same time"). Even though in this case Petitioner seeks to challenge the March 17, 2026 bond hearing, which occurred after the PFRD was entered in his previous case, Petitioner may not challenge his immigration detention in two separate cases. Indeed, Petition has alerted the judges in Case No. 1:25-cv-1304 about the March 17, 2026 proceeding and his claims regarding that proceeding. *See* (Docs. 15 and 17, filed in Case No. 1:25-cv-1304). To the extent Petitioner seeks to raise additional claims regarding his immigration custody, he must do so in his pending § 2241 proceeding. Accordingly, the Court will dismiss this duplicate § 2241 case and direct the Clerk's Office to file his Petition (Doc. 1) in Case No. 1:25-cv-1304 as a "Proposed Amended Petition." *See Katz*,

655 F.3d at 1217 ("District Courts have discretion to control their dockets by dismissing duplicative cases"); *McNeese v. Anderson*, 2025 WL 2673993, at *2 (10th Cir. Sept. 18, 2025) (affirming "district court's dismissal of a case as … duplicative" and noting that courts are "accorded a great deal of latitude and discretion" in such matters); *Horbenko v. Lyons,* 26-cv-0751-KWR-DLM (dismissing duplicate § 2241 immigration petition); *Anis v. Bondi*, 26-cv-0865-KG-DLM (same); *Leon-Chapa v. Janecka*, 26-cv-1060-MIS-GBW (same).   The Court will dismiss the instant *pro se* Petition without prejudice, and Petitioner may continue to prosecute his § 2241 claims in *Rogelio Bolufe Izquierdo v. Ortiz, et al.,* 1:25-cv-1304-JB-SCY.

**IT IS THEREFORE ORDERED** that the *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**Doc. 1**) is **DISMISSED without prejudice** as duplicative; the Clerk's Office shall **FILE** the Petition (**Doc. 1**) as a proposed amended petition in Case No. 1:25-cv-1304-JB-SCY; and the Court will enter a separate judgment closing this civil habeas case.

_____
SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE

3